David K. Schneider (SBN 139288)
Michael L. Branch (SBN 149531)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dks@yslaw.com
       mlb@yslaw.com

Attorneys for Defendants DHI MORTGAGE COMPANY LTD. LP and D.R. HORTON LOS ANGELES HOLDING COMPANY, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE MIRZOYAN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>DHI MORTGAGE COMPANY LTD L.P. an assumed name used in California for DHI MORTGAGE COMPANY LTD., a Texas Limited Partnership; D.R. HORTON LOS ANGELES HOLDING COMPANY, INC., a California Corporation; and DOES 1 through 50, Inclusive,<br><br>    Defendants. | Case No. CV07-296-R (RCx)<br><br>UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW<br><br>DATE: 9/15/08<br>TIME: 10:00 a.m.<br>CTRM: 8<br>TRIAL: 9/23/08 |

After consideration of the papers in support of and in opposition to defendant's motion for summary judgment and the oral argument of counsel, the Court determines that the following facts have been established as,

## UNCONTROVERTED FACTS

1. Plaintiff entered defendants DHI Mortgage Company Ltd. LP's ("DHI Mortgage") and D.R. Horton Los Angeles Holding Company, Inc's ("Horton") (collectively, "Defendants") sales office for the Mariposa Plum Community in Santa Clarita, California in 2005.

- Declaration of Paulette Dystant ("Dystant Decl.") ¶ 4, Declaration of Azatui Samuelian ("Samuelian Decl."), ¶ 3.

2.   While at the sales office, plaintiff met with Horton employee and sales agent Azatui Samuelian who showed plaintiff a brochure identifying various floor plans of homes located in the community.

- Samuelian Decl., ¶ 5.

3.   Plaintiff could not select a home at the time because they were not yet built.

- Samuelian Decl., ¶ 5.

4.   Plaintiff needed to pre-qualify for a loan before she could be placed on a list to purchase a home.

- Samuelian Decl., ¶ 5.

5.   In around October 2005, plaintiff started the process to pre-qualify for a loan and began filling out a pre-qualification application.

- Dystant Decl., ¶ 6.

6.   Plaintiff did not complete the pre-qualification application or process. Her pre-qualification application was incomplete.

- Dystant Decl., ¶ 6; Declaration of Kelly O'Brien ("O'Brien Decl."), ¶ 5.

7.   As part of the pre-qualification process, plaintiff consented to DHI Mortgage obtaining her credit history.

- Dystant Decl., ¶ 3; O'Brien Decl., ¶ 3.

8.   Plaintiff never completed the pre-qualification application and never submitted a formal loan application.

- Dystant Decl., ¶¶ 6 and 7.

9.   Plaintiff never submitted a formal loan application to DHI Mortgage which it could act upon.

- Dystant Decl., ¶¶ 6 and 7.

10.   DHI Mortgage can only approve or deny a formal loan application.

- Dystant Decl., ¶ 7; O'Brien Decl., ¶¶ 2 and 8.

///

///

11. Plaintiff's application process had not reached the stage at which DHI Mortgage could approve or deny a loan.

- Dystant Decl., ¶ 7; O'Brien Decl., ¶ 7.

12. DHI Mortgage did not rely upon any information in plaintiff's credit history to deny her a loan.

- Dystant Decl., ¶ 10; O'Brien Decl., ¶ 7.

13. DHI Mortgage was not in a position to approve, deny or even act upon a loan application because plaintiff had not completed the pre-qualification process and a formal loan application was never prepared or submitted for approval.

- Dystant Decl., ¶ 10; O'Brien Decl., ¶ 7.

14. Following the initial information supplied to DHI Mortgage, plaintiff did not provide any additional information to complete her pre-qualification application.

- Dystant Decl., ¶ 9; O'Brien Decl., ¶ 6.

15. Plaintiff is not aware of any factual basis or information which supports her claims of discrimination.

- Deposition of Suzanne Mirzoyan ("Mirzoyan Depo."), 46:20-48:4, 89:1-18.

16. Plaintiff was not singled out for any special treatment, nor discriminatory treatment.

- Samuelian Decl., ¶ 6; Mirzoyan Depo., 46:20-48:4, 89:1-18.

## CONCLUSION OF LAW

1. Defendants did not violate the Fair Employment and Housing Act. There is no evidence that Defendants discriminated against plaintiff.

2. Defendants did not violate the Unruh Civil Rights Act. There is no evidence that Defendants discriminated against plaintiff.

3. The Fair Credit Reporting Act does not apply in this case. Defendants did not take any adverse action based upon plaintiff's credit report which would trigger compliance with the Act.

Dated: __September 18, 2008___                        _____
                                                      United States District Judge